T.C. Memo. 1999-19


UNITED STATES TAX COURT


CHARLES EDWARD SHEPHERD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2244-98.                    Filed January 29, 1999.


Charles Edward Shepherd, pro se.

David D. Choi, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Charles Edward Shepherd petitioned the Court to redetermine a 1996 deficiency of $41,363.  In a notice of deficiency dated December 23, 1997, respondent determined that petitioner had failed to substantiate itemized deductions in excess of the standard deduction to which he was entitled. In

lieu of itemized deductions, respondent allowed petitioner a $4,000 standard deduction.

We must decide whether petitioner is entitled to itemized deductions in excess of the $4,000 standard deduction allowed by respondent. We hold that he is not. Unless otherwise stated, section references are to the Internal Revenue Code in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner was a resident of Evanston, Illinois, when he filed this petition. Petitioner filed a 1996 individual income tax return as a single individual. During 1996, petitioner incurred and paid medical and dental expenses amounting to $2,906. Aside from these medical and dental expenses, respondent disallowed all other expenses petitioner claimed on his 1996 return.

## OPINION

Petitioner must prove that respondent's determination set forth in the notice of deficiency is incorrect[1]. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner must also prove his entitlement to any claimed deduction. Deductions are strictly a matter of legislative grace, and petitioner must show that his claimed deductions are allowed by the Code. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).

The only documentary evidence on the record tending to establish petitioner's entitlement to itemized deductions consists of receipts for medical and dental expenses amounting to $2,906. In his testimony, petitioner alluded to the existence of additional documentation and additional allowable expenses. However he never presented any such documentation to the Court. Based on petitioner's somewhat confused and self-contradictory testimony, we are unable to conclude that he is entitled to itemized deductions beyond those reflected in the stipulation of facts. Those amounts are less than the allowable standard deduction for the year at issue. Respondent's determination that

---

[1] The examination of petitioner's return began before July 23, 1998. Therefore sec. 7491, which was added to the Code by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(a), 112 Stat. 685, 726, and which shifts the burden of proof to respondent in certain circumstances, does not apply to this matter.

petitioner is entitled to claim only the standard deduction is accordingly sustained.

Decision will be entered

for respondent.